JOHN E. SPELLMAN
v.
RICHARD STALDER, SECRETARY; RHONDA KLING; AND LOUISIANA DEPT. OF CORRECTIONS
No. 2007 CA 1233.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Not Designated for Publication
JOHN E. SOELLMAN, Kinder, LA, In Proper Person Plaintiff-Appellant.
WILLIAM L. KLINE, Baton Rouge, LA, Attorney for Defendant-Appellee, Richard Stalder, et al.
Before: CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
The plaintiff/appellant, John E. Spellman, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the "Department") and confined to Allen Correctional Center, appeals the judgment of the district court affirming the final agency decision that applied all credit for time served to the new felony sentence, rather than to the parole revocation sentence, pursuant to La. R.S. 15:574.9(E), and dismissing his petition for judicial review of the final agency decision rendered under the Administrative Remedy Procedure No. ARDC-2006-151. For the following reasons, we affirm the judgment in accordance with the Uniform Court of Appeal Rules 2-16.2(A)(2), (4), and (5).
On January 5, 2005, while on parole for a prior offense, the plaintiff was arrested on a new felony offense and was held in physical custody until March 23, 2006, when he entered a guilty plea and was sentenced on the new felony. The district court sentenced the petitioner to imprisonment at hard labor, for the new felony, for a term of four years, giving the plaintiff credit for all time served. The district court also ordered the sentence to run concurrently with any parole violation.
On April 11, 2006, the Parole Board issued the plaintiff a letter informing him, that due to his felony conviction while on parole, his parole has been revoked as provided by law under La. R.S. 15:574.10. The record shows the balance on his term of sentence for the prior offense was four years, two months and sixteen days. The Department calculated and gave the plaintiff credit for 442 days of time served on his new felony sentence. Pursuant to La. R.S. 15:574.9(E), the Department did not apply a credit for time served to the parole revocation sentence.
In light of the court's order that his new felony sentence run concurrently with any parole violation and arguing, under La. R.S. 15:574.10, that his parole was deemed revoked on the date of the commission of the new felony (January 5, 2005), the plaintiff contends that he is entitled to a 442-day credit on both the new felony sentence and the term of imprisonment on his parole violation. The plaintiff filed an Administrative Remedy Procedure complaint, seeking the Department to apply the 442-day credit for time served to the term for his parole revocation and to recalculate his release date on his parole violation, which was denied.
Pursuant to the screening requirements set forth in La. R.S. 15:1178, the matter was submitted to the commissioner for judicial screening prior to service on the defendant. On April 17, 2007, the commissioner issued a recommendation that the final agency decision be affirmed. The commissioner noted the administrative record clearly indicated that the plaintiff's parole was revoked because of a subsequent felony conviction and not for parole violations after a revocation hearing or because the plaintiff revoked himself prior to receiving his new felony conviction. The commissioner found the plaintiff's argument to be without merit, noting La. R.S. 15:574.10 allows a sentencing court to order the new felony sentence to run either consecutively or concurrently with the term for the parole revocation,[1] and noting La. R.S.15:574(E) prohibits a parolee from receiving credit for time served when parole was revoked based on the subsequent conviction of a crime, but allows such credit for time served for the new felony conviction.[2]
After considering the entire record of the proceedings, on May 8, 2007, the district court adopted the commissioner's recommendation and rendered judgment affirming the final agency decision and dismissing the plaintiff's request for judicial review with prejudice. After a thorough review of the entire record of these proceedings, we find no error in the judgment of the district court and affirm the district's court's judgment in accordance with the Uniform Court of Appeal Rules 2-16.2(A)(2), (4), and (5).
All costs of this appeal are assessed to the plaintiff/appellant, John E. Spellman.
AFFIRMED.
NOTES
[1] Louisiana Revised Statutes 15:574.10 reads:

When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction. His parole officer shall inform the sentencing judge of the fact that the convicted defendant is a parole violator. The term for which the defendant shall be imprisoned as a parole violator shall be the same as that provided in cases of revocation of parole for violation of the conditions of parole. The new sentence of imprisonment shall be served consecutively to the term of imprisonment for violation of parole unless a concurrent term of imprisonment is expressly directed by the court. An appeal by the defendant on the new conviction or sentence shall not suspend the revocation provisions of this Section, unless the defendant has been admitted to post-conviction bail on the new sentence of imprisonment. In the event of a successful appeal of the new conviction or sentence, the state shall be liable for any loss of income sustained by the defendant due to such revocation of parole.
[2] Louisiana Revised Statutes 15:574.9(E) reads:

When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or outof-state institution. The parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.